UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY S. PERRY, SR.,

    Plaintiff,

        v.      CAUSE NO. 3:22-CV-708-JD-MGG

JENNIFER DOE,

    Defendant.

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, filed a lengthy and repetitive complaint against a Centurion Medical Nurse named Jennifer. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Perry alleges that he has diabetes and suffers from both low and high blood sugar. He further alleges that Nurse Jennifer does not provide insulin injections in a timely manner, administers those injections in an unsanitary location, does not provide glucose medication for his hypoglycemia, and does not properly dispose of blood contaminates when testing his blood sugar levels.

On May 31, 2022, Perry told Nurse Jennifer that administering insulin to him between midnight and 12:50 a.m.[1] when food is not available for three of four hours posed a risk to his health. He requested that insulin be administered after 2:00 a.m., which is closer to when food is served and consistent with when other nurses administer insulin, but Nurse Jennifer ignored that request. Perry claims he has only two choices: refuse the insulin or take it and suffer abdominal pain. When Nurse Jennifer attempts to administer insulin between midnight and 12:50 a.m., Perry has opted to refuse his insulin injection. He believes being forced to make a choice between not taking the insulin needed to control diabetes and taking it but suffering abdominal pain violates his constitutional rights.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the

---

[1] Perry's complaint indicates that Nurse Jennifer administered insulin between midnight and 12:50 p.m., but it is clear from the context of his complaint that he meant that insulin was administered between midnight and 12:50 a.m.

2

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

Here, despite the length of the complaint, Perry omits many important details. He does not indicate if the medical professional that prescribed his insulin specified how it should be administered, or whether administering the insulin between midnight and 12:50 a.m. violates those instructions. He indicates that there are seventeen nurses that administer insulin and only Nurse Jennifer refuses to administer insulin after 2:00 a.m., but he does not indicate how frequently Nurse Jennifer is assigned to administer his insulin. He does not indicate what type of insulin he takes, or even whether it is a

3

short-acting or long- acting insulin. He wants the insulin to be administered not between midnight and 12:50 a.m. but instead at 2:00 a.m. or after, but it is unclear how a delay of one to two hours would allow Perry to avoid choosing between skipping his insulin or enduring abdominal pain when he would still be required to wait two hours for breakfast if the insulin was administered as he wishes. It is also unclear why he believes his insulin is responsible for the abdominal pain he reports, or whether he has sought any medical care for that pain. It is unclear if he has suffered extremely high or low blood sugar either from skipping the insulin offered between midnight and 12:50 a.m., or from taking it without access to food. It cannot be plausibly inferred from the facts alleged in the complaint that Nurse Jennifer's decision to administer insulin between midnight and 12:50 a.m. is the result of deliberate indifference, and the court therefore finds that the complaint does not state a claim against Nurse Jennifer based on the timing of her delivery of insulin.

Perry further contends that the Accu-Chek lancet and regent strips used to check his blood sugar levels should be disposed of as biohazard because they contain blood, but Nurse Jennifer has left these with Perry to dispose of on numerous occasions. Nurse Jennifer's failure to properly dispose of lancets and regent strips may violate the prison's rules, but that does not amount to a violation of the Constitution. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Furthermore, Perry cannot plausibly contend that

4

exposure to his own blood placed him in substantial risk of harm. These allegations do not state a claim.

On May 31, 2022, Perry's blood sugar tested as 76. He wanted glucose tablets to raise his blood sugar. Nurse Jennifer refused, stating that his blood sugar needed to be 70 to get glucose. On July 3, 2022, his blood sugar was only 64 and Nurse Jennifer again denied him glucose. Although only one date is provided, Perry claims that, on at least two occasions, Nurse Jennifer denied him glucose when his blood sugar was 70 or less. Again, Perry provides little detail. He indicates that his request for glucose was denied, but he does not indicate what time of day these blood sugar readings were taken, if his next meal was scheduled soon, or if he was offered an alternative to glucose that would raise his blood sugar. He also does not indicate if he was harmed in any way or suffered any adverse symptoms from the failure to provide glucose on two occasions when his blood sugar was low. Without additional details, it cannot be plausibly inferred that Nurse Jennifer was deliberately indifferent to Perry's serious medical needs when she refused his requests for glucose.

The unit where Perry is housed has a medical room where inmates can be examined or have lab work performed without taking them to the Medical Services Unit. In other facilities where Perry has been housed, a similar room was used to administer insulin to diabetic inmates. Perry believes that this room, which he deems more sanitary, should be used to provide insulin injections instead of giving those injections at the bars of his cell. Perry believes that giving him his injection through the bars of his cell poses an unacceptable risk because the cell bars are not regularly

5

cleaned, and he could contract an infection. The risk of harm from injecting insulin through the slats of a cell door is speculative at best, and this practice does not rise to the level of a constitutional claim.

This complaint does not state a claim for which relief can be granted. Additionally, Perry seeks injunctive relief that is not narrowly tailored to his complaint. He asks to be transferred to a Security Level 2 Facility, but "[p]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. Perry also asks that Nurse Jennifer be permanently prohibited from checking blood sugar levels and administering insulin to inmates in his housing unit. Even if Perry's complaint stated a claim, a prospective injunction preventing Nurse Jennifer from ever checking blood sugars and administering insulin in this unit is overly broad and would not be warranted.

While the injunctive relief that Perry is seeking in his current complaint is unavailable in this case, if Perry believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is

6

available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Rodney S. Perry, Sr., until **October 12, 2022**, to file an amended complaint; and

(2) CAUTIONS Rodney S. Perry, Sr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT