UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY S. PERRY, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-708-JD-MGG |
| JENNIFER DOE, | |
| Defendant. | |

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, was granted until October 12, 2022, to file an amended complaint. He was cautioned that if he did not so, the case would be dismissed under 28 U.S.C. § 1915A for the reasons outlined in the screening order. ECF 6.

Perry responded by filing a motion indicating that he agreed with the court's opinion and order and asking to withdraw his complaint without prejudice. ECF 11. A dismissal under 28 U.S.C. § 1915A is not a dismissal without prejudice. Rather, a dismissal under that statute is based on the court's determination that a prisoner has not stated a claim upon which relief can be granted. A dismissal under 28 U.S.C. § 1915A will cause the prisoner to incur a "strike" under 28 U.S.C. § 1915(g).

Allowing Perry to file a complaint, obtain a determination that it is subject to dismissal under 28 U.S.C. § 1915A, and then decide that he doesn't want to procced with the case and obtain a dismissal without prejudice would, in effect, permit him to file an endless number of meritless lawsuits without incurring a single strike. That

would defeat the purpose of the Prison Litigation Reform Act, which was intended to reduce frivolous litigation by prisoners. *See Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 874 (7th Cir. 2019) (observing that one of the purposes behind the PLRA "was to rein in the flood of prisoner litigation—all too often frivolous or vexatious"). The Seventh Circuit has directed that the statute should not be applied in a manner that permits prisoners to skirt the three-strikes provision. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

Therefore, Perry's motion to dismiss without prejudice will not be granted. But because it is evident from his filing that he agrees with the court's analysis and does not wish to file an amended complaint, and because the deadline for doing so has now passed, the case will be dismissed pursuant to 28 U.S.C. § 1915A for the reasons outlined in the screening order.

Perry also asks that the remainder of the filing fee due in this case be waived. Because Perry is a prisoner, he is subject to the requirements of 28 U.S.C. § 1915(b) and must pay the entire filing fee in accordance with the procedures set forth in that statute. *See* 28 U.S.C. § 1915(b); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility."). The court does not have authority to waive the fee or to modify the amount or timing of payments. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998); *see also Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997).

For these reasons, the motion to dismiss without prejudice and waive the filing fee (ECF 11) is DENIED and this action is DISMISSED under 28 U.S.C. § 1915A. The clerk is DIRECTED to close the case.

SO ORDERED on October 20, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT